The undersigned have reviewed the prior Opinion and Award based upon the record of the proceedings before Deputy Commissioner Dollar. The appealing party has not shown good grounds to reconsider the evidence; receive further evidence; rehear the parties or their representatives; or amend the Opinion and Award.
* * * * * * * * * * *
The Full Commission finds as fact and concludes as matters of law the following, which were entered into by the parties at the hearing as:
STIPULATIONS
1. The parties were subject to and bound by the provisions of the North Carolina Workers' Compensation Act at all relevant times.
2. The defendant was a duly qualified self-insured with Carolina Risk Managers, Inc., as the servicing agent.
3. The employment relationship existed between the parties at the relevant time.
4. The date of the alleged injury is May 30, 1994.
5. The plaintiff's average weekly wage was $311.03, which yields a compensation rate of $207.37.
6. The parties stipulated seventy-seven pages of medical records, which included those from Johnson Neurological Clinic, High Point Regional Hospital, Watkins Family Chiropractic Center, and Dr. A. Bryan Noah.
7. The issue for determination is whether the plaintiff sustained a compensable back injury, and if so, to what benefits may he be entitled under the Act.
* * * * * * * * * * *
EVIDENTIARY RULING
All objections raised during the depositions of Gregory Dean Mieden, M.D., Ph.D., and James Michael Watkins, III, D.C. were ruled upon in accordance with the law and the Opinion and Award rendered in this matter.
* * * * * * * * * * *
The Full Commission adopts the findings of fact found by the Deputy Commissioner as follows:
FINDINGS OF FACT
1. On March 14, 1994, the plaintiff was hired as a material handler with defendant, a manufacturer of machinery for corrugated industry.
2. On May 30, 1994, supervisor Walter Doyle operated a forklift to move a machine which was twenty-five inches wide, one hundred and twenty inches long, and forty inches tall. The machine weighed two to three thousand pounds.
3. Mr. Doyle asked the plaintiff to help guide the machine down the hall. The plaintiff put his hands onto the machine to guide it.
4. While pushing on the machine, the plaintiff felt a click in his upper back. The plaintiff continued to work the rest of the week.
5. On Thursday, June 2, 1994, the plaintiff told Mike Randall, a material handler, about hurting his back. On Friday, June 3, 1994, the plaintiff reported to Walter Doyle, Jr., that he had injured his back while moving the machine on Monday.
6. On Monday, June 6, 1994, the plaintiff's girlfriend telephoned the defendant to advise that plaintiff would not be at work due to a back injury.
7. On June 7, 1994, the plaintiff sought medical treatment at High Point Regional Hospital Emergency Room, for which pain medication was prescribed, and plaintiff was authorized to remain out of work for two days.
8. On June 15, 1994, the plaintiff returned to the emergency room, at which time he was ordered to continue on bed rest and to remain out of work until seen by neurologist Dr. Mieden.
9. The plaintiff returned to the emergency room on June 24, 1994. A CT scan of the lumbar spine revealed bulging of the annulae at L3-4 and L4-5 with central disc protrusion at L4-5 which was causing mild to moderate compression on the thecal sac. The plaintiff was ordered to continue bed rest.
10. On July 6, 1994, the plaintiff was seen by Dr. Mieden, who continued him out of work and ordered an epidural steroid injection.
11. The plaintiff was referred to Rehability for physical therapy, and then underwent chiropractic treatment.
12. Dr. Mieden authorized the plaintiff to remain out of work through November 17, 1994.
13. On February 21, 1996, Dr. Mieden opined that the plaintiff had reached maximum medical improvement, and he retained a five percent permanent partial impairment to his back.
14. There is no evidence in the record that plaintiff was incapable of returning to work following his release by Dr. Mieden due to the back injury.
15. The plaintiff has not sought work since his release to return to work by Dr. Mieden.
* * * * * * * * * * *
Based upon the findings of fact, the Full Commission concludes as follows:
CONCLUSIONS OF LAW
1. The plaintiff sustained a compensable injury to his back on May 30, 1994, while moving a machine at work. N.C. GEN. STAT. § 97-2.
2. As a result of the compensable injury, the plaintiff is entitled to temporary total disability compensation from June 6, 1994 through November 17, 1994 at the rate of $207.37 per week. N.C. GEN. STAT. § 97-29.
3. The plaintiff has failed to carry the burden of proof to demonstrate a reduction in wage earning which would permit him to elect a remedy.
4. As a result of the compensable injury, the plaintiff is entitled to fifteen weeks of permanent partial disability compensation as a result of the five percent rating to his back. N.C. GEN. STAT. § 97-31(23).
5. The plaintiff is entitled to have defendant pay for medical expenses incurred as a result of the compensable back injury, including treatment at High Point Regional Hospital, Johnson Neurological Clinic, Rehability, Dr. Bryan Noah, and Watkins Chiropractic.
* * * * * * * * * *
Based upon the foregoing findings of fact and conclusions of law, the Full Commission affirms the holding of the Deputy Commissioner and enters the following:
AWARD
1. Subject to a reasonable attorney's fee herein approved, the defendant shall pay in a lump sum to plaintiff temporary total disability compensation at the rate of $207.37 per week for the period from June 6, 1994 through November 17, 1994.
2. Subject to a reasonable attorney's fee herein approved, the defendant shall pay in a lump sum to plaintiff fifteen weeks of permanent partial disability compensation at the rate of $207.37 per week.
3. A reasonable attorney's fee of twenty-five percent of the compensation awarded plaintiff in paragraphs 1 and 2 above shall be deducted from sums due plaintiff and paid directly to plaintiff's counsel.
4. The defendant shall pay for medical expenses incurred as a result of the May 30, 1994 back injury.
5. The defendant shall pay the costs.
This is the 6th of February 1997.
 S/ ___________________________ DIANNE C. SELLERS COMMISSIONER
CONCURRING:
S/ ___________________________ J. HOWARD BUNN, JR. CHAIRMAN
S/ ___________________________ THOMAS J. BOLCH COMMISSIONER